**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE STICKLES and MICHELE RHODES, individuals on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ATRIA SENIOR LIVING, INC.; ATRIA MANAGEMENT COMPANY, LLC; and DOES 1 to 10 inclusive, <br><br> Defendants. | CASE NO. <br><br> <u>CLASS ACTION COMPLAINT</u> <br><br> 1. Failure to Pay Overtime Wages (Lab. Code § 510) <br> 2. Failure to Provide Meal Periods (Lab. Code § 512) <br> 3. Failure to Authorize & Permit Rest Breaks (Wage Order 5-2001) <br> 4. Failure to Furnish Accurate Wage Statements (Labor Code § 226) <br> 5. Unfair Business Practices (Bus. & Prof. Code § 17200, *et seq.*) <br> 6. Waiting Time Penalties (Lab. Code § 203) <br><br> DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

Plaintiffs GEORGE STICKLES and MICHELE RHODES ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

## NATURE OF THE ACTION

1. This is a California-wide class action against Defendants ATRIA SENIOR LIVING, INC. and ATRIA MANAGEMENT COMPANY, LLC (together "Atria") for failing to pay overtime wages, and provide other benefits and protections afford by the California Labor Code and Wage Orders, to its "Sales Directors" and/or "Community Sales Directors."

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiffs and Atria are citizens of different states.

3. This Court also has jurisdiction under 28 U.S.C. § 1332(d) because this is a putative class action with more than 100 class members, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and Plaintiffs and Atria are citizens of different states.

## VENUE

4. This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because Atria transacts business in this district and a substantial part of the acts and/or omissions giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff GEORGE STICKLES is a citizen of California who was employed by Atria as a "Sales Director" in Daly City, California from approximately April 2018 to August 2018.

6. Plaintiff MICHELE RHODES is a citizen of California who was employed by Atria as a "Sales Director" in La Jolla, California from approximately October 2019 to July 2020.

7. Defendants ATRIA SENIOR LIVING, INC. and ATRIA MANAGEMENT COMPANY, LLC are Delaware entities with their principal place of business located in Louisville, Kentucky.

8. Plaintiffs are currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sue those defendants by fictitious names. Plaintiffs allege on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiffs' damages as herein alleged were proximately caused by those DOE defendants. Plaintiffs will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

9. Plaintiffs allege on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

10. Defendants Atria and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

///

///

///

## COMMON FACTUAL ALLEGATIONS

11. Defendants own and operate living facilities for older people who need assistance with daily living.

12. In California, Defendants own and operate 46 assisted living facilities.

13. At each facility in California, Defendants employ at least one "Sales Director" and/or "Community Sales Director."

14. The realistic expectations of the "Sales Director" and/or "Community Sales Director" position require directors to spend the majority of their time performing non-exempt tasks, such as giving tours of the facility to prospective residents and their families.

15. In disregard of the realities of the job, Defendants deem the "Sales Director" and/or "Community Sales Director" position to be categorically exempt from California's overtime, meal and rest break, and wage statement requirements.

16. Accordingly, notwithstanding the fact that "Sales Directors" and/or "Community Sales Directors" regularly work more than 8 hours per day and/or 40 hours per week, they are (1) paid a flat salary with no overtime regardless of the number of hours they work, (2) not provided with an off duty meal period when working more than 5 hours per day and a second off duty meal period when working more than 10 hours per day, (3) not authorized and permitted to take 10 minute rest periods for each 4 hours worked or major fraction thereof, and (4) not furnished with wage statements showing the total hours worked each pay period.

17. Since Governor Newsom first issued a stay at home order on March 19, 2020, all "Sales Directors" and/or "Community Sales Directors" have performed all of their work from either their homes and/or at their

assigned facilities.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs bring their claims on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a California class composed of the following:

> All persons employed by Defendants in the position of "Sales Director" and/or "Community Sales Director" in California and classified as exempt from December 15, 2016 through the date of class certification.

19. Plaintiff MICHELLE RHODES also seeks to represent a California subclass composed of the following:

> All persons employed by Defendants in the position of "Sales Director" and/or "Community Sales Director" in California and classified as exempt from March 19, 2020 through the date of class certification.

20. Plaintiffs reserve the right to amend or modify the class descriptions or establish additional subclasses as appropriate.

21. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation.

**A. Numerosity**

22. The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of members of the class has not been determined at this time, Plaintiffs are informed and believe that the class contains in excess of 100 individuals.

///

### B. Commonality

23. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include, without limitation, whether "Sales Directors" and/or "Community Sales Directors" were misclassified as exempt from California's overtime and other requirements.

### C. Typicality

24. The class claims of the proposed class representative are typical of the claims of each class member.

25. As with other members of the class, Plaintiffs worked in the "Sales Director" position, were classified as exempt, and were not provided with overtime, meal and rest breaks, and accurate wage statements.

### D. Adequacy of Representation

26. Plaintiffs will fairly and adequately represent and protect the interests of the members of the class. Counsel who represent Plaintiffs are competent and experienced in litigating employment class actions.

### E. Superiority of Class Action

27. A class action is superior to other available means for the fair and efficient adjudication of the class claims. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recover by reason of Defendants' illegal common policies.

28. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware

of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
## CLASS CLAIM FOR FAILURE TO PAY OVERTIME
## (LABOR CODE § 510)

29. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

30. Labor Code section 510 requires an employer to provide premium overtime and/or double time pay for work in excess of 8 hours per day and 40 hours per week.

31. Labor Code section 1194 entitles an employee receiving less than the legal overtime and/or double time pay to recover, in a civil action, the unpaid balance of overtime and/or double time wages owing, plus interest, reasonable attorneys' fees, and costs of suit.

32. As a result of Defendants' misclassification of the "Sales Director" and/or "Community Sales Director" position as exempt, Plaintiffs and other members of the class were not paid premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week.

33. Plaintiffs seek to recover, on behalf of themselves and other class members, payment of the overtime and/or double time owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

/ / /

/ / /

/ / /

# SECOND CAUSE OF ACTION

# CLASS CLAIM FOR FAILURE TO PROVIDE MEAL PERIODS
# (LABOR CODE § 512)

34. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

35. Labor Code section 512 prohibits an employer from (1) employing an employee for a work period of more than 5 hours per day without providing the employee with an off-duty meal period of not less than 30 minutes and (2) employing an employee for a work period of more than 10 hours per day without providing the employee with a second off duty meal period of not less than 30 minutes.

36. As a result of Defendants' misclassification of the "Sales Director" and/or "Community Sales Director" position as exempt, Plaintiffs and other members of the class were not provided with off-duty meal periods.

37. Pursuant to Labor Code section 226.7, Plaintiffs seek to recover, on behalf of themselves and other class members, one additional hour of pay at the employee's regular rate of compensation for each workday that a required meal period was not provided.

# THIRD CAUSE OF ACTION

# CLASS CLAIM FOR FAILURE TO AUTHORIZE REST BREAKS
# (WAGE ORDER 5-2001)

38. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

39. California Wage Order 5-2001 requires an employer to authorize and permit all non-exempt employees to take rest periods based on total hours worked daily at the rate of 10 minutes net rest time per 4 hours or major fraction thereof.

40. As a result of Defendants' misclassification of the "Sales Director" and/or "Community Sales Director" position as exempt, Plaintiffs and other members of the class were not authorized and permitted to take rest breaks for each 4 hours worked or major fraction thereof.

41. Pursuant to Labor Code section 226.7, Plaintiffs seek to recover, on behalf of themselves and other class members, one additional hour of pay at the employee's regular rate of compensation for each workday that a required rest break was not provided.

## FOURTH CAUSE OF ACTION
## CLASS CLAIM FOR NON-COMPLAINT WAGE STATEMENTS
## (LABOR CODE § 226)

42. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43. Labor Code section 226 requires an employer, semimonthly or at the time of each payment of wages, to furnish employees an accurate itemized statement in writing showing the hours worked by the employee.

44. As a result of Defendants' misclassification of the "Sales Director" and/or "Community Sales Director" position as exempt, Defendants did not keep track of the hours worked by these employees

and did not furnish them with wage statements accurately showing their hours worked each pay period.

45. Defendants' failure to comply with Labor Code section 226 was knowing and intentional.

46. Defendants have injured Plaintiffs and other class members by making it difficult to determine the number of hours worked, and corresponding amount of overtime owing, each pay period.

47. Plaintiffs seeks to recover, on behalf of themselves and other class members, the penalty provided by Labor Code section 226(e).

## FIFTH CAUSE OF ACTION

## CLASS CLAIM FOR UNFAIR BUSINESS PRACTICES
## (BUSINESS & PROFESSIONS CODE § 17200, *et seq.*)

48. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

49. A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law.

50. Defendants' failure to pay Plaintiffs and other class members premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week, failure to provide Plaintiffs and other class members with meal periods, failure to authorize and permit Plaintiffs and other class members to take rest breaks, and failure to furnish Plaintiffs and other class members accurate itemized wage statements violates Business & Professions Code section 17200, *et seq.* by virtue of violating Labor Code sections 226, 510 and 512 and Wage Order 5-2001.

51. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, the other class members, and the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

52. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq*.

53. Pursuant to California Business & Professions Code section 17200, *et seq.,* Plaintiffs and other class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

## SIXTH CAUSE OF ACTION
## CLASS CLAIM FOR WAITING TIME PENALTIES
## (LABOR CODE §§ 201, 203)

54. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

55. Labor Code sections 201 and 202 require an employer to promptly pay all wages owing to an employee upon the termination of their employment relationship.

56. In violation of Labor Code sections 201 and 202, Plaintiffs and other members of the class who are no longer employed by Defendants were never paid the overtime and/or double time wages owing to them.

57. Defendants' failure to promptly pay Plaintiffs and other class

members the overtime and/or double time wages owing them upon the termination of their employment relationship, as alleged above, was willful, as Defendants intentionally classified the "Sales Director" and/or "Community Sales Director" position as overtime-exempt.

58. Pursuant to Labor Code section 203, Plaintiffs and other class members are entitled to waiting time penalties in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

### **Class Certification**

1. That this case be certified as a class action;
2. That Plaintiffs be appointed as the representative of the class and subclass; and
3. That counsel for Plaintiffs be appointed as counsel for the class and subclass.

### **First Cause of Action**

4. That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiffs and other class members premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week;

5. For unpaid overtime and/or double time wages and such general and special damages as may be appropriate;

6. For pre-judgment interest on any unpaid wages owing commencing from the date such amounts were due;

7. For attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

12

8. For such other and further relief as the Court may deem equitable and appropriate.

## Second Cause of Action

9. That the Court declare, adjudge and decree that Defendants violated Labor Code section 512 by failing to provide Plaintiffs and other class members with 30 minute off-duty meal periods;

10. For one additional hour of pay at the employee's regular rate of compensation, pursuant to Labor Code section 226.7, for each workday that a meal period was not provided to Plaintiffs and other class members in accordance with Labor Code section 512;

11. For pre-judgment interest on any wages owing commencing from the date such amounts were due; and

12. For such other and further relief as the Court may deem equitable and appropriate.

## Third Cause of Action

13. That the Court declare, adjudge and decree that Defendants violated Wage Order 5-2001 by failing to authorize and permit Plaintiffs and other class members to take 10-minute rest break for each 4 hours worked or major fraction thereof;

14. For one additional hour of pay at the employee's regular rate of compensation, pursuant to Labor Code section 226.7, for each workday that a rest break was not provided to Plaintiffs and other class members in accordance with Wage Order 5-2001;

15. For pre-judgment interest on any wages owing commencing from the date such amounts were due; and

16. For such other and further relief as the Court may deem equitable and appropriate.

**Fourth Cause of Action**

17. That the Court declare, adjudge and decree that Defendants violated Labor Code section 226 by failing to furnish Plaintiffs and other class members with itemized wage statements that accurately show the hours worked;

18. For an injunction requiring Defendants to provided itemized wage statements in accordance with Labor Code section 226;

19. For penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code section 226(e); and

20. For such other and further relief as the Court may deem equitable and appropriate.

**Fifth Cause of Action**

21. That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by failing to pay Plaintiffs and other class members premium overtime and/or double time rates in violation of Labor Code section 510, by failing to provide Plaintiffs and other class members meal periods in violation of Labor Code section 512, by failing to authorize and permit Plaintiffs and other class members to take rest breaks in violation of Wage Order 5-2001, and by failing to furnish accurate itemized wage statement in violation of Labor Code section 226;

22. For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period;

23. For attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

24. For such other and further relief as the Court may deem equitable and appropriate.

### Sixth Cause of Action

25. That the Court declare, adjudge and decree that Defendants violated Labor Code sections 201 and/or 202 by willfully failing to promptly pay Plaintiffs and other class members all wages owing upon the termination of their employment relationship;

26. For statutory waiting time penalties pursuant to Labor Code section 203 for Plaintiff and other class members; and

27. For such other and further relief as the Court may deem equitable and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of these claims by jury to the extent authorized by law.

DATED: December 18, 2020              **HAYES PAWLENKO LLP**

                                                    By:/s/Matthew B. Hayes
                                                    Attorneys for Plaintiffs