UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE STICKLES and MICHELE RHODES, <br><br> Plaintiffs, <br><br> v. <br><br> ATRIA SENIOR LIVING, INC. and ATRIA MANAGEMENT COMPANY, LLC, <br><br> Defendants. | No. C 20-9220 WHA <br><br> **ORDER GRANTING MOTION FOR LEAVE FOR RECONSIDERATION** |

**INTRODUCTION**

In this wage-and-hour action regarding employee misclassification, one of plaintiffs moves for leave to file a motion for reconsideration of the prior class certification order. For the reasons that follow, the motion is **GRANTED**.

**STATEMENT**

Defendants employed plaintiffs and other persons as Community Sales Directors at their senior living communities throughout California. Plaintiffs allege that defendants misclassified CSDs as exempt outside salespersons. A prior order in this case certified the following class: CSDs who did not sign arbitration agreements and whom defendants classified as exempt outside salespersons from the date plaintiff George Stickles began his employment with defendants (April 9, 2018) through September 29, 2019. Certification

applied solely to this issue: whether defendants properly classified CSDs as exempt outside salespersons. Certification of the underlying wage-and-hour claims was held in abeyance.

Plaintiff Stickles (hereinafter "plaintiff") now moves for leave to file a motion for reconsideration of the class certification order under Local Rule 7-9.

This order follows briefing by plaintiff.

## ANALYSIS

Local Rule 7-9 states, in part:

> (a) Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9.
>
> *        *        *
>
> (b) . . . . The moving party must specifically show reasonable diligence in bringing the motion and one of the following:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> *        *        *
>
> (d) Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider. If the Judge decides to order the filing of additional papers or that the matter warrants a hearing, the Judge will fix an appropriate schedule.

Here, plaintiff argues that, under Local Rule 7-9(b)(1), "a material difference in fact or law" exists from that which was presented before entry of the class certification order, and plaintiff did not know of such material difference at the time of the order (Br. 3). Specifically,

2

the order defined the class period to start on plaintiff's first date of employment rather than four years prior to the filing of the complaint (*ibid.*). But plaintiff was not aware of any law that required such a limitation at the time of the class certification order (*ibid.*).

Further, plaintiff argues that, prior to the class certification order here, "classes have repeatedly been certified that commence[d] prior to the class representative's date of hire," citing several decisions of ours that did so (*id.* at 3–4). And plaintiff argues that he acted diligently in bringing the instant motion (*id.* at 4). Thus, plaintiff requests leave to file a motion to reconsider, so plaintiff can argue that the class period should extend back to December 18, 2016 — four years prior to the filing of the complaint (*see id.* at 1).

This order agrees that a motion for reconsideration is warranted. Plaintiff acted diligently in bringing his motion, the motion concerns an interlocutory order, there is a material difference in law from that presented before class certification, and plaintiff did not know of such difference in law at the time of class certification.

In the alternative and in the same filing, plaintiff moves to amend the scheduling order under FRCP 16(b)(4) to permit addition of a class representative, Rellie Kirwan, under FRCP 15(a)(2) (Br. 5). Plaintiff argues that the addition of Kirwan, whom defendants employed as a CSD from February 2016 to April 2018, would permit extending the class period back to December 18, 2016 under FRCP 23(c)(1)(C) (*id.* at 7).

A hearing may be held for plaintiff's alternative motion for relief, but a hearing is not to be held for a motion for leave to file a motion for reconsideration. Local Rule 7-9(d). Yet a hearing for both motions is set for February 24, 2022, and there is no briefing schedule.

Thus, this order vacates the February 24, 2022 hearing. From the date that plaintiff files his motion for reconsideration, defendants shall have two weeks to respond to both the motion for reconsideration and the alternative motion for relief. Thereafter, plaintiff shall have one week to reply to defendants' response. A hearing may be scheduled for the motion for reconsideration and the alternative motion for relief.

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for leave to file a motion for reconsideration is **GRANTED**. The February 24, 2022 hearing is vacated.

**IT IS SO ORDERED.**

Dated: January 20, 2022.

WILLIAM ALSUP
SENIOR UNITED STATES DISTRICT JUDGE