UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE STICKLES and MICHELE RHODES,<br><br>    Plaintiffs,<br><br>  v.<br><br>ATRIA SENIOR LIVING, INC. and ATRIA MANAGEMENT COMPANY, LLC,<br><br>    Defendants. | No. C 20-9220 WHA<br><br>**ORDER DENYING MOTION TO RECONSIDER AND MOTION TO MODIFY CLASS PERIOD** |

**INTRODUCTION**

In this wage-and-hour class action, plaintiffs move for reconsideration of the class period. Plaintiffs also move, in the alternative, to name and appoint another class representative and to modify the class period. For the reasons that follow, plaintiffs' motions are **DENIED**.

**STATEMENT**

Plaintiffs George Stickles and Michele Rhodes each worked as a "Community Sales Director" for defendants, Atria Senior Living, Inc. and Atria Management Company, LLC. Plaintiffs allege that defendants misclassified them and other CSDs as exempt employees.

A previous order certified the following class: CSDs who did not sign arbitration agreements and whom defendants classified as exempt outside salespersons from the date plaintiff George Stickles began his employment with defendants (April 9, 2018) through

September 29, 2019. Certification applied solely to this issue: whether defendants properly classified CSDs as exempt outside salespersons. Certification of the underlying wage-and-hour claims was held in abeyance.

On January 5, 2022, plaintiffs' counsel asked defendants' counsel whether it would stipulate to amend the complaint to name an additional class representative. On the following day, defendants' counsel responded in the negative. On January 14, 2022, plaintiffs' counsel moved for leave to move for reconsideration and to move for alternative relief regarding the class period. A pervious order granted plaintiffs' motion.

Plaintiffs now move to reconsider the class period, arguing the class period should begin four years prior to the filing of the complaint (December 18, 2016) rather than on plaintiff Stickles' hire date.

In the alternative, plaintiffs move to amend the complaint and to name an additional class representative, Rellie Kirwan — a former CSD whom defendants employed from February 2016 to April 2018. The deadline to amend the pleadings passed eight months ago. Plaintiffs also move to appoint Kirwan as a class representative. Plaintiffs argue that Kirwan satisfies the typicality and adequacy requirements under FRCP 23 for CSDs whom defendants employed as early as four years prior to the filing of the complaint. Thus, if Kirwan is appointed as a class representative, plaintiffs request that the class period be modified to begin on December 18, 2016, rather than on plaintiff Stickles' hire date.

Additionally, plaintiffs seek to reopen discovery for the sole purpose of allowing defendants to conduct discovery regarding Kirwan's typicality and adequacy under FRCP 23. The deadline for non-expert discovery passed two months ago.

This order follows full briefing.

### ANALYSIS

**1.  MOTION FOR RECONSIDERATION.**

Our court of appeals has stated the following regarding motions for reconsideration:

> Although [FRCP] 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of

2

> judicial resources." Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.

*Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Here, plaintiffs have not met their burden to show reconsideration of the class period is warranted. Plaintiffs have not presented newly discovered evidence. Plaintiffs merely raise arguments and evidence they raised in their motion for class certification.

Further, plaintiffs do not contend there has been an intervening change in the controlling law. Although plaintiffs cite earlier orders of ours certifying class periods that commenced prior to the class representative's hire date, those orders do *not* stand for the proposition that the class period must begin before such date.

Moreover, here, the class period begins on plaintiff Stickles' hire date because the record does not establish that plaintiff Stickles' experience was typical of that of employees who worked prior to his hire date. In the absence of affirmative proof to the contrary, this order shall not extend the class period back. That the same job description was applicable to all CSDs before and after plaintiff Stickles' hire date is not such affirmative proof. Plaintiff Stickles worked for only seventeen months and counsel wants to presume that everything workwise was the same for sixteen months preceding his arrival. A shorter extension backward might be plausible, but counsel seeks to stretch it too far.

Plaintiffs' motion for reconsideration is **DENIED**.

2. **MOTION FOR ALTERNATIVE RELIEF.**

   A. *PLAINTIFFS' MOTION FOR ALTERNATIVE RELIEF IS NOT MOOT.*

As a threshold matter, contrary to defendants' assertion, the motion to amend the complaint to allow intervention by Rellie Kirwan and to appoint him as another class representative is properly before us. That the motion was presented as an alternative to plaintiffs' motion for reconsideration does not prevent this order from considering it (*see* Dkt. No. 45).

3

### B. TYPICALITY IS NOT SATISFIED.

Even presuming plaintiffs could amend the scheduling order and complaint to allow intervention by Kirwan — an issue on which this order does not decide — Kirwan cannot be appointed as another class representative because he is atypical of the class he seeks to represent.

FRCP 23(c)(1)(C) states that "[a]n order that grants or denies class certification may be altered or amended before final judgment." "Because class actions vary so widely in their circumstances, the trial judge is vested with broad discretionary control over the conduct of such actions, enabling the presiding judge to respond fluidly to the varying needs of particular cases." *Officers for Just. v. Civ. Serv. Comm'n of City and Cnty. of San Francisco*, 688 F.2d 615, 633 (9th Cir. 1982).

A class representative must satisfy the adequacy and typicality requirements of FRCP 23. As to typicality, our court of appeals has stated:

> The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class. "'Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.'" The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."
>
> Several courts have held that "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation."
>
> [A] named plaintiff's motion for class certification should not be granted if "there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it."

*Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted).

As to adequacy, the class representative must fairly and adequately protect the interests of the class. Thus, the class representative and class counsel cannot have conflicts of interest with the putative class members and must prosecute the action vigorously on behalf of the class. *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

4

Here, plaintiffs argue Kirwan's experience was typical of that of the class members he seeks to represent because he was employed from February 2016 to April 2018 — before the class period began until plaintiff Stickles began his employment with defendants (Kirwan Decl. ¶ 2). Kirwan was subject to the same job description as the CSDs he seeks to represent and was classified as exempt like the other CSDs (Br. 8; Kirwan Decl., Exh. A). Moreover, plaintiffs argue Kirwan is adequate because he has no conflicts of interest with other class members, understands his obligation to actively participate, and will always consider the best interests of the class (Br. 9; Kirwan Decl. ¶¶ 9–11).

Defendants argue Kirwan cannot represent the class because he is subject to a unique defense (Opp. 7). Specifically, Kirwan was "terminated for falsifying entries relating to outside sales activities" in defendants' customer relationship management database (which tracks CSD activities) (*ibid.*; Graziose Decl. ¶¶ 19–20). Defendants argue the circumstances of Kirwan's termination demonstrate he is not credible (Opp. 7). Further, defendants assert that plaintiffs must bring a new motion for class certification to appoint a new class representative (*id.* at 6).

As a preliminary matter, there is no reason for plaintiffs to bring an entire motion for class certification when they seek only to appoint a new class representative. Only adequacy and typicality need be met to appoint a new class representative. As discussed above, plaintiffs argue Kirwan is adequate and typical in their motion, so plaintiffs have brought an appropriate motion to appoint a new class representative.

But there is a danger that class members will suffer if Kirwan is preoccupied with fighting the defense discussed above, which is unique to him. Plaintiffs' counsel would spend time and resources defending depositions and conducting discovery that would best be devoted to the class rather than to Kirwan. And Kirwan would be at risk of putting his interests before those of the class. Plaintiffs do not rebut these arguments. Thus, this order finds Kirwan atypical of the class he seeks to represent.

Plaintiffs' motion for alternative relief is **DENIED**.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motions are **DENIED**.

**IT IS SO ORDERED.**

Dated: February 15, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6