UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE STICKLES and MICHELE RHODES,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ATRIA SENIOR LIVING, INC. and ATRIA MANAGEMENT COMPANY, LLC,<br><br>　　　　Defendants. | No. C 20-9220 WHA<br><br>**ORDER DENYING MOTION TO COMPEL TRIAL PLAN** |

## INTRODUCTION

In this wage-and-hour class action, defendants move to compel plaintiffs to submit a trial plan. For the following reasons, the motion is **DENIED**.

## STATEMENT

Plaintiffs George Stickles and Michele Rhodes each worked as a "Community Sales Director" for defendants, Atria Senior Living, Inc. and Atria Management Company, LLC. Plaintiffs allege defendants misclassified them and other CSDs as exempt employees.

A prior order certified the following class: CSDs who did not sign arbitration agreements and whom defendants classified as exempt outside salespersons from the date plaintiff George Stickles began his employment with defendants (April 9, 2018) through September 29, 2019. Certification applied

solely to this issue: whether defendants properly classified CSDs as exempt outside salespersons. Certification of the underlying wage-and-hour claims was held in abeyance.

Now, defendants argue plaintiffs must submit a trial plan to show this class action would be manageable at trial. Defendants assert this action would not be manageable at trial due to a failure of common proof. To support their position, defendants point to the lack of data regarding CSD hours and the shortcomings in plaintiffs' analysis of the customer relationship management database (which tracked CSDs' work activities, but not hours, throughout the class period).

This order follows full briefing.

**ANALYSIS**

Federal law does not require a plaintiff to submit a trial plan during or immediately after the certification stage. *See Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 n. 4 (9th Cir. 2005). "While it is accurate that some courts have required the party seeking class certification to present a trial plan, many others do not. Whether a party proposing a class action must submit a trial plan is therefore a forum-specific question." 2 Newberg on Class Actions § 4:79 (5th ed. 2021).

Here, defendants cite a Ninth Circuit opinion for the proposition that plaintiffs must submit a workable trial plan (Br. 5). *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001). But *Zinser* is distinguishable because the manageability problem there was that the plaintiff sought to certify "a nationwide class for which the law of forty-eight states potentially applie[d]," which could "'compound the disparities' among class members from different states." *Ibid.* (citations omitted). The law of only one state — California — can apply here, so there is no multi-state manageability issue requiring a trial plan.

Defendants also cite *Duran v. U.S. Bank Nat'l Assn.*, 59 Cal. 4th 1 (2014), for the proposition that, in California, "trial plans are necessary to determine whether a case may be managed effectively on a class-wide basis" (Br. 5). But class action procedure in federal courts is governed by FRCP 23, and the instant issue regarding trial plans is procedural. *Brazil v. Dole Packaged Foods, LLC*, No. 12-CV-01831-LHK, 2014 WL 2738179, at *1 (N.D. Cal. June 16, 2014) (Judge Lucy Koh). Thus, *Duran* is not binding here.

Because a trial plan is not required here, we need not reach defendants' numerous arguments against the manageability of this action at trial. If a later stage in the proceedings, such as trial, proves to be unmanageable, then the Court will de-certify the class certification.

## CONCLUSION

For the foregoing reasons, defendants' motion to compel a trial plan (Dkt. No. 49) is **DENIED**. Plaintiffs' motion to strike defendants' motion to compel a trial plan (Dkt. No. 52) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: March 10, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3