UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE STICKLES and MICHELE RHODES,<br><br>Plaintiffs,<br><br>v.<br><br>ATRIA SENIOR LIVING, INC., and ATRIA MANAGEMENT COMPANY, LLC,<br><br>Defendants. | No. C 20-09220 WHA<br><br>**ORDER RE MOTION TO CLARIFY OR MODIFY CLASS DEFINITION OR COMPEL ARBITRATIONS AND VACATING HEARING** |

**INTRODUCTION**

In this wage-and-hour class action, defendants move to clarify or modify the class definition, or to compel arbitrations in the alternative. For the reasons that follow, defendants' motion is **DENIED**.

**STATEMENT**

The facts underlying this action are described more fully in our prior order (Dkt. No. 107). In short, plaintiffs George Stickles and Michele Rhodes worked as "Community Sales Directors" (CSDs) for defendants, Atria Senior Living, Inc., and Atria Management Company, LLC. This action concerns whether defendants improperly classified CSDs as exempt outside salespersons such that CSDs were not entitled to overtime and meal and rest break rules under California law.

Our prior order certified a class of CSDs who did not sign arbitration agreements and whom defendants classified as exempt outside salespersons from April 9, 2018, through September 29, 2019. The class was certified solely to the issue of whether defendants properly classified CSDs as exempt outside salespersons (Dkt. No. 40). The parties each moved for summary judgment on that issue, and the motions were fully briefed as of February 2022 (Dkt. No. 72). Defendants then moved to compel arbitration of plaintiff Rhodes' California Private Attorneys General Act claim, which motion was fully briefed as of April 2022 (Dkt. No. 88). The parties subsequently entered settlement discussions and moved for approval of a proposed class settlement, which was rejected in June 2022. Outstanding motions were stayed pending settlement.

In a status report dated June 21, 2022, defendants raised for the first time they had "discovered that, due to a clerical mistake, . . . a group of employees who had been subject to arbitration agreements had erroneously been included in the Class" (Dkt. No. 100 at 1). The agreements in question were not produced during discovery, and consisted of arbitration agreements sent on one occasion in March 2019 to then-existing employees by email, informing them that they would be subject to the agreement if they remained employed by defendants 30 days afterwards (Dkt. No. 100 at 2). An order resumed the litigation schedule due to the parties' inability to settle on July 26, 2022. That order explicitly explained that the class members defendants claimed to have been erroneously included "are still members of the class," and that it "would take substantial motion practice to compel them to arbitrate" (Dkt. No. 102). The outstanding motions for summary judgment were then rescheduled for a hearing, and a summary judgment hearing was held on November 16, 2022. Our resultant order granted summary judgment in favor of plaintiffs on classification, determining that CSDs are not exempt outside salespersons (Dkt. No. 107).

Defendants now move to excise those class members they claimed were erroneously included in the class. This order follows full briefing and finds the motion suitable for disposition on the papers under Civil Local Rule 7-1(b).

**ANALYSIS**

The Supreme Court's recent decision *Morgan v. Sundance* clarified that courts may not condition a waiver of the right to arbitrate upon a showing of prejudice to the non-moving party. 142 S. Ct. 1708, 1712–13 (2022). In light of that decision, the Ninth Circuit then held that "the test for waiver of the right to compel arbitration consists of two elements: (1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right." *Hill v. Xerox Bus. Servs., LLC*, 2023 WL 1490808, at *9 (9th Cir. Feb. 3, 2023). District courts may determine whether a defendant has waived the right to enforce an arbitration agreement by litigation conduct, and such determination is "presumptively for a court and not an arbitrator to decide." *Martin v. Yasuda*, 829 F.3d 1118, 1122–23 (9th Cir. 2016) (citation omitted).

This is not a close case. Defendants have been on notice since July 2022 that their apparent revelation of emailed, unsigned arbitration agreements did not alter the defined class, and that motion practice would be required to compel arbitration. Nevertheless, defendants waited until after our summary judgment practice and resolution (which they lost) to try to narrow the class definition and to compel arbitration. This behavior is inconsistent with defendants' alleged right to compel arbitration. *Morgan*, 142 S. Ct. at 1714. Defendants may not wait to see how the judicial winds blow before reversing course towards arbitration.

Defendants argue that no inconsistent actions were taken because they made no "affirmative steps" in litigating this action before our summary judgment order issued (Reply 10–11). Leaving aside defendants' appearance at the summary judgment hearing to argue those motions, the standard for waiver is not quite so literal. The Ninth Circuit has rejected precisely this type of waiver analysis based on specific actions: "we have never held that a party can act inconsistent with its arbitration rights only if the relevant actions are themselves express denials of the right to arbitrate." *Hill*, 2023 WL 1490808, at *12. Instead, the inquiry is an "implicit waiver analysis, . . . evaluating a party's actions and asking whether those actions, even if seemingly commonplace and not an express disavowal of arbitral forums, evinced the party's partiality for a judicial resolution of the claims." *Ibid.*

3

To that end, "extended silence" and "much-delayed demand for arbitration" have been considered inconsistent behavior with respect to a party's arbitration rights. *Ibid.* (citing *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988)); *see also Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1203 (11th Cir. 2011) (explaining how "defendant's lack of diligence in seeking arbitration" is a basis for waiver); *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) ("Although several factors may be considered in determining waiver, diligence or the lack thereof should weigh heavily in the decision — 'did that party do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?'" (citation omitted)).

Furthermore, the fact that defendants waited until after the outcome of summary judgment indicates waiver. If defendants had won their summary judgment motion, the idea of arbitration would have sunk without trace, for "it would have struck an arrow through the heart of all class members' claims," a strategic outcome that "is difficult to understate." *Hill*, 2023 WL 1490808, at *15. So defendants waited to see the outcome and availed themselves of a potential favorable judicial ruling. This was inconsistent with asserting the right to arbitrate.

Defendants' reliance on *Conde v. Open Door Mktg., LLC* is inapposite (Reply 7–9). *Conde* involved parties subject to arbitration agreements that had improperly opted-in to a class defined as those who did not sign such agreements, because they had been erroneously sent class notice unbeknownst to the defendant. As such, *Conde* distinguished itself from cases where "defendants . . . had reason to know that at least some of the putative class members had signed an arbitration agreement." No. 15-CV-04080, 2017 WL 5172271, at *16 (N.D. Cal. Nov. 8, 2017) (Judge Kandis A. Westmore). That is exactly the situation here, and why *Conde* is distinguishable. Rather, cases like *Hill* finding waiver are more similar:

> In a joint status report to the district court, [defendant] raised the issue of putative class members who had signed the [arbitration agreement] and explained that . . . "[a] certified class cannot include class members who entered into arbitration agreements." . . . But [defendant] never filed such a motion [regarding class certification issues], nor did it ask the district court to remove the [arbitration] signatories from the certified class.

*Hill*, 2023 WL 1490808, at *16.

Defendants attempt to argue around the issue by saying even if the right to compel arbitration is waived, defendants can nevertheless seek to modify the class definition (Reply 5–6). Indeed, defendants characterize their motion as primarily focused on clarifying the class definition by shearing over half its members, as "it may not even be appropriate to determine, on a collective basis, whether they should be compelled to arbitration" (Reply 7). Surely the inability to commit to arbitration at this penultimate hour indicates waiver. In any event, defendants' arguments supporting modification of the class are all premised on class members being bound by arbitration. Because this order finds that the right to compel arbitration has been waived, there is no reason to disturb the current class definition. There is no dispute that the emailed arbitration agreements in question were not signed, so as a factual matter the class definition remains accurate.

Given the foregoing, this order need not reach the credibility of defendants' claimed oversight, however confounding it may be that defendants fully briefed prior motions to certify the class and also to compel arbitration without a real understanding as to which of its own employees were subject to arbitration. Plaintiffs have also prophylactically briefed and filed a motion to intervene regarding standing, but defendants do not contest the issue and neither party raises a question of standing, so the motion to intervene is unnecessary.

## CONCLUSION

For the foregoing reasons, defendants' motion to clarify or modify the class definition, or to compel arbitrations in the alternative is **DENIED**. Plaintiffs' motion to intervene is **DENIED AS MOOT**. The hearing for this motion is **VACATED**, for this is not a close case. Trial remains set for **APRIL 24, 2023**, at **7:30 A.M.** The final pretrial conference remains set for **APRIL 19, 2023**, at **2:00 P.M.**

**IT IS SO ORDERED.**

Dated: February 16, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5